## H. W. LUTKER v. THE STATE.

### No. 4982.   Decided May 1, 1918.

**Slander of Female—Insufficiency of the Evidence.**

Where, upon trial of slander of a female, the evidence was wholly insufficient to sustain the conviction, the judgment must be reversed and the cause remanded.

Appeal from the County Court of Johnson.   Tried below before the Hon. B. Jay Jackson.

Appeal from a conviction of slander of a female; penalty, a fine of one hundred dollars.

The opinion states the case.

*J. K. Russell,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, JUDGE.—Appellant was convicted of slander and fined $100.   The complaint and information alleged that on November 10th he falsely and maliciously and falsely and wantonly orally imputed to Mrs. Ballew and Mrs. Conner and divers other females married and unmarried a want of chastity, in that in the presence and hearing of B. D. Currie he said of and concerning said females that they were nothing but whores following the soldiers.

The uncontradicted testimony shows that on said date some soldiers stopped at a stock pen in Cleburne to water their stock; that appellant and Currie were working together in the Santa Fe Railroad yards.   Currie swore they saw some soldiers coming down the track and saw something "white" coming.   Currie said to appellant, "What is that white coming down the track?"   Appellant replied that it was just a bunch of whores following the soldiers.   Currie further swore that whoever or whatever it was white which they saw that they were at such a great distance from them that he could not tell who or what it was   "Whether it was a bunch of women, horses or cows."   That they could just see something white up there.   That he ascertained the next day that it was a bunch of women and children and at least one man, perhaps several more men, in the crowd. ·

The evidence in no way suggests that appellant could see or tell that said two ladies or either of them were in said crowd of men, women or children or that he even knew or could tell that they were human beings

or were horses or cattle, and there is nothing in the record to show that the remark he made directly or indirectly referred to both or either of said ladies. The testimony by no reasonable or proper construction could be held to have been made by appellant either maliciously or wantonly to apply to either or both of said ladies. It is therefore wholly insufficient to sustain the conviction. The judgment of conviction, therefore, can not stand.

Reversed and remanded.

*Reversed and remanded.*